IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEROY PIRTLE, and
EVELYN FORESTER,
    Plaintiffs,

v.                                                        No. 3:17-cv-00755-DRH

JANSSEN RESEARCH & DEVELOPMENT, LLC,
f/k/a JOHNSON AND JOHNSON PARMACEUTICAL
RESEARCH AND DEVELOPMENT, LLC; JANSSEN
ORTHO LLC; JANSSEN PHARMACEUTICALS, INC.,
f/k/a JANSSEN PHARMACEUTICA, INC., f/k/a ORTHO-
MCNEIL-JANSSEN PHARMACEUTICALS, INC.;
BAYER HEALTHCARE PHARMACEUTICALS INC;
BAYER PHARMA AG; BAYER CORPORATION;
BAYER HEALTHCARE LLC; BAYER HEALTHCARE AG;
and BAYER AG,
    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Before the Court is plaintiffs' Second Motion to Remand, or in the alternative, Shorten the Briefing Schedule (Doc. 11); defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14), and Motion to Dismiss for Insufficient Service of Process (Doc. 16). Based on the following, the Motion to Remand (Doc. 11) is **DENIED**; Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14) is **GRANTED IN PART**; and, Motion to Dismiss for Insufficient Service (Doc. 16) is **DENIED**. Further, Bayer defendants' Motion for Joinder is **GRANTED**; and defendants' Motion to Stay Proceedings (Doc. 18) is **DENIED AS MOOT**.

# I. BACKGROUND

## A. Notice of Removal/Complaint

On July 19, 2017, defendants filed a Second Notice of Removal (Doc. 1) pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the above-styled action from the Circuit Court of St. Clair County, Illinois[1] (*Id.*). Specifically, defendants argued they are not subject to personal jurisdiction in Illinois based on claims of a non-Illinois plaintiff,[2] who was embedded in the lawsuit explicitly to destroy diversity jurisdiction (*Id.*). As a result, defendants insist dismissal of the non-Illinois plaintiff's claims for lack of personal jurisdiction—leaving Illinois plaintiff LeRoy Pirtle ("Pirtle") as sole claimant in the action (*Id.*).

Defendants draw attention to the recent Supreme Court ruling in *Bristol-Meyers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S.Ct. 1773 (2017) ("*BMS*") which established state courts lack specific jurisdiction to entertain non-resident plaintiff claims[3] (*Id.* at 2). Put differently, defendants argue *BMS* indisputably

---

[1] Plaintiffs' Complaint was filed on March 16, 2017, in the Circuit Court, Twentieth Judicial Circuit, St. Clair County, IL, under Cause No. 17-L-127. Plaintiffs' sought damages for injuries sustained as a result of ingesting the pharmaceutical drug Xarelto (rivaroxaban) (Doc. 1-1 at 3).

[2] Plaintiff Evelyn Forester is a citizen of New Jersey (Doc. 1-1 at 4).

[3] On April 28, 2017, defendants filed a First Notice of Removal regarding the instant claims. S*ee* Notice of Removal, Pirtle et al. v. Janssen Research & Dev., LLC et al, No. 17-cv-00442-DRH (S.D. Ill. Apr. 28, 2017), ECF No. 1. This was followed by defendant's May 3, 2017 Motion to Stay proceedings until the Judicial Panel on Multidistrict Litigation decided whether the action should be transferred to the Multidistrict Litigation proceeding in the Eastern District of Louisiana. *See* Motion to Stay, at *id.*, ECF No. 12, 13. The same day plaintiffs filed a First Motion to Remand, *see* Motion to Remand, at *id.*, ECF No. 15, which this Court granted on June 9, 2017. *See* Order Granting Motion to Remand, at *id.*, ECF No. 25. On June 19, 2017, the Supreme Court's holding in *BMS* established the Fourteenth Amendment's due process clause did not permit the exercise of specific personal jurisdiction in state court over nonresident consumer's claims. *See BMS* at 1781 ("In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State") (internal quotation marks and brackets omitted). As a result of

confirms lack of specific jurisdiction in respect to claims against defendants asserted by a non-Illinois plaintiff, who was neither prescribed Xarelto, nor used Xarelto in Illinois; and whose claims possess no connection to Illinois—irrespective of whether joined with those of Pirtle (*Id.*). Defendants now argue "re-removal" is proper, and further urge the Court, under *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), to exercise discretion and initially rule on the question of personal jurisdiction before subject-matter jurisdiction[4] (*Id.*). Under this rationale dismissal of the non-Illinois plaintiff creates complete diversity between Pirtle and defendants (*Id.*). Further, defendants maintain the ruling in *BMS* amounts to an "order" or "other paper" pursuant to 28 U.S.C. § 1446(b)(3), which activates a new 30-day time clock, thus negating any counterargument regarding violation of the statute of limitations for removal (*Id.*).

**B. Plaintiffs' Motion to Remand**

In reaction, plaintiffs' filed the instant Second Motion to Remand, or in the alternative, Shorten the Briefing Schedule (Doc. 11). Plaintiffs argue defendants' Notice of Removal is untimely, considering no qualifying event occurred within 30-days prior to filing which would initiate the 30-day removal window (*Id.*) Moreover, plaintiffs contend grounds for removal fail due to lack of personal

---

Supreme Court clarification on the specific jurisdiction issue, defendants filed the Second Notice of Removal (Doc. 1) at issue.

[4] Defendants also direct the Court to an analogous case, *see Jordan v. Bayer Corp.*, 2017 WL 3006993 (E.D. Mo. July 14, 2017), where the district court concluded it was more efficient to inquire into the straightforward question of personal jurisdiction before subject-matter jurisdiction based on the holding in *BMS*; and subsequently dismissed claims of non-resident plaintiffs for lack of personal jurisdiction.

jurisdiction, and respectfully request the Court remand the case to the Twentieth Judicial Circuit, St. Clair County, IL (*Id.*).

On July 25, 2017, this Court entered an order directing defendants' response to focus on whether the Court—assuming it does not have subject matter jurisdiction—has the authority to rule on the question of personal jurisdiction (Doc. 13). In response defendants explain, inter alia, under *Ruhrgas AG*, there is no hierarchy regarding district court inquiry into jurisdiction; and, circumstances exist—such as overriding concerns of judicial economy and restraint—where priority should be given to personal jurisdiction over subject-matter jurisdiction[5] (Doc. 20 at 2).

### C. Defendants' 12(b)(2) Motion to Dismiss

Subsequently, defendants Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., and Janssen Ortho LLC ("Janssen defendants"), *exclusively*, filed a Motion to Dismiss claims of the non-Illinois plaintiff for lack of personal jurisdiction[6] (Doc. 14). The argument was identical to defendants' above-mentioned response: plaintiff Pirtle is a citizen of Illinois; remaining plaintiff Forester is not a citizen of Illinois; and, was not prescribed Xarelto in

---

[5] Defendants also reiterated the argument on district court authority to address issues of personal jurisdiction before determining subject-matter jurisdiction pursuant to *BMS*; and further provided the following three reasons why the Court cannot establish personal jurisdiction over defendants regarding non-Illinois plaintiff claims: (1) non-Illinois plaintiffs' claims have no connection to Illinois; (2) no defendants are incorporated or headquartered in Illinois; and (3) non-Illinois plaintiffs have not alleged any defendant conduct in Illinois related to alleged injuries (Doc. 20 at 2).

[6] Defendant's Motion to Dismiss was filed pursuant to FED. R. CIV. P. 12(b)(2) (Doc. 14).

Illinois, did not use Xarelto in Illinois, was not injured in Illinois, and moreover, asserted no claims arising out of defendants' conduct in Illinois[7] (Doc. 15).

**D. Insufficient Service of Process/Joinder**

Simultaneously, defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Corporation, and Bayer HealthCare LLC ("Bayer defendants"), *exclusively*, filed a Motion to Dismiss for Insufficient Service of Process and Joinder to Motion to Dismiss based on lack of Personal Jurisdiction (Doc. 16).[8] Bayer defendants alleged that on March 31, 2017, they were served with three copies of plaintiffs' Complaint without summonses[9]; further argued improper service; and as a result, maintained the Court never obtained jurisdiction over Bayer defendants regarding plaintiffs' claims (*Id.*). Additionally, Bayer defendants contended plaintiffs' lack of reasonable diligence in effecting service is grounds for dismissal from suit (*Id.* at 4), requested dismissal of all claims related to same, and joined and adopted the Janssen defendants' Motion to Dismiss based on lack of Personal Jurisdiction (*Id.* at 5).

In response, plaintiffs characterize defendants' improper service argument as meritless (Doc. 23 at 8). Plaintiffs point out: (1) defendants' agent was properly served on March 29, 2017 (Doc. 23, 23-1); (2) defendants suffered no

---

[7] In response, plaintiffs rehashed their argument stating, inter alia, "[t]his Court lacks subject matter jurisdiction for the reasons Plaintiffs explained in their remand motions and supporting memoranda … . This Court should therefore remand this action for the same reasons it did the first time Defendants removed it" (Doc. 23 at 4).

[8] Bayer defendants' Motion to Dismiss for Insufficient Service and Joinder to Janssen defendant's Motion to Dismiss was filed pursuant to FED. R. CIV. P. 12(b)(2),(4), and (5).

[9] Bayer defendants alleged the copies of the Complaint were served on "Corporation Service Company" in Illinois, and no summons was attached (Doc. 16 at 2).

prejudice; and (3) the lack of diligence argument in failing to properly serve did not mesh with the fact that parties have been engaged in lengthy federal court motions practice (Doc. 23 at 9-10). Plaintiffs request denial of defendants' Motion to Dismiss for Insufficient Service, and further insist the Court remand the action to state court (*Id.*).

## II. ISSUES PRESENTED

The Court shall determine: (1) whether precedence should be given to personal jurisdiction over subject-matter jurisdiction in ruling on plaintiffs' Motion to Remand; (2) whether the Court possesses personal jurisdiction over defendants; and if claims remain, (3) whether defendants' Notice of Removal is untimely under section 1446; and, (4) whether plaintiffs' claims should be dismissed for insufficient service of process regarding Bayer defendants.

## III. ANALYSIS

### A. Discretion in Jurisdiction

"Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry." *Ruhrgas AG*, at 578. Although inquiries into subject-matter jurisdiction must be undertaken *sua sponte*, *see* FED. R. CIV. P. 12(h)(3) (if court determines at any time it lacks subject-matter jurisdiction it must dismiss the action), *it does not necessarily mean subject-matter jurisdiction is perpetually more significant than personal jurisdiction. See Advanced Tactical Ordnance Sys., LLC, v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) (citing *Ruhrgas AG* at 584, and explaining

district court is entitled to entertain threshold personal jurisdiction inquiry at outset of case); s*ee also Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779 (2000) (stating without personal jurisdiction court is powerless to proceed to adjudication); *Philos Tech., Inc., v. Philos & D, Inc.*, 645 F.3d 851, 855 (7th Cir. 2011) ("A court 'without personal jurisdiction of the defendant' is wholly 'without power to proceed to an adjudication' binding on that defendant, regardless of the specific reason such jurisdiction is lacking.").

Consequently, district courts "do not overstep Article III limits when [ ] declin[ing] jurisdiction of state-law claims on discretionary grounds without determining whether those claims fall within their pendent jurisdiction . . . without deciding whether the parties present a case or controversy." *Ruhrgas AG*, at 585. Where a straightforward personal jurisdiction issue presenting no complex question of state law is pending before the Court—and the dispute over subject-matter jurisdiction is problematic—"*the [C]ourt does not abuse its discretion by turning directly to personal jurisdiction.*" *See id.*, at 588 (emphasis added).

**B. Personal Jurisdiction is more "Straightforward"**

"[I]n most instances subject-matter jurisdiction will involve no arduous inquiry." *Id*. at 587. However, if the dispute presents "a difficult and novel" subject-matter jurisdiction analysis, a court does not abuse its discretion in addressing a "straightforward" personal jurisdiction inquiry, free from complex questions of state law. *See id*. at 588.

In this case, plaintiffs argue an analysis of subject-matter jurisdiction would neither be difficult or novel, considering parties are non-diverse and defendants' personal jurisdiction argument is grounded on the concept of "fraudulent misjoinder." *See, e.g., Davidson v. Bristol-Myers Squibb Co.*, No. 12-58-GPM, 2012 WL 1253165, at *3 (S.D. Ill. Apr. 13, 2012) (stating neither Seventh Circuit or U.S. Supreme Court had occasion to pass on doctrine of fraudulent misjoinder). In contrast, plaintiffs contend a personal jurisdiction inquiry is much more complex, requiring a pervasive legal and factual investigation into defendants' business contacts and activities relating to Illinois.

On the other hand, defendants argue several courts that utilized the *BMS* holding have conclusively held personal jurisdiction—instead of subject-matter jurisdiction—is the "more straightforward inquiry." *See Jinright v. Johnson & Johnson*, No. 14:17-CV-01849 ERW, 2017 WL 3731317 (E.D. Mo. Aug. 30, 2017); *Covington v. Janssen Pharm., Inc.*, No. 4:17-CV-1588 SNLJ, 2017 WL 3433611 (E.D. Mo. Aug. 10, 2017); *Gallardo v. Johnson & Johnson*, No. 4:17-CV-1601 SNLJ, 2017 WL 3128911 (E.D. Mo. July 24, 2017) (explaining court chose to address personal jurisdiction before subject matter jurisdiction because personal jurisdiction was much easier to decide); *Jordan v. Bayer Corp.*, No. 4:17-CV-865 CEJ, 2017 WL 3006993 (E.D. Mo. July 14, 2017); *Siegfried v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-1942 CDP, 2017 WL 2778107 (E.D. Mo. June 27, 2017).

Based on the above recent legal decisions combined with lack of "unyielding jurisdictional hierarchy," interests of judicial economy, and weight of the precautionary effect on ruling on an issue that could regress and bind the state court, *see Ruhrgas AG*, at 587, **the Court finds that in this matter personal jurisdiction is the more straightforward inquiry**—and will analyze same before addressing challenges to subject-matter jurisdiction.

**C. Personal Jurisdiction Analysis**

"A federal district court sitting in diversity must apply the personal jurisdiction rules of the state in which it sits." *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015). "Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state." *See uBid, Inc., v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Under general personal jurisdiction, the Court "may exercise personal jurisdiction over defendants even in cases that do not arise out of and are not related to the defendant's forum contacts" when defendants possess "continuous and systematic" contacts with Illinois—if said contacts exist. *See Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). As relevant, corporations are subject to general personal jurisdiction in forums where they are incorporated, and where their principle place of business is located. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Therefore, Illinois does not have general personal jurisdiction over defendants in this matter because no defendant is incorporated in Illinois, nor has its principle place of business in Illinois.

In exercising specific personal jurisdiction, defendants' contacts with Illinois must be directly related to the challenged conduct. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citing *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010).[10] Federal courts in Illinois may exercise specific personal jurisdiction over defendants under Illinois' Long-Arm statue because Illinois permits personal jurisdiction authorized by either the Illinois Constitution or the United States Constitution. *See uBID, Inc.,* at 425 (explaining state statutory and federal constitutional requirements merge); *see also* 735 ILCS 5/2-209.

Plaintiffs' argue both Illinois state court and this Court—under diversity jurisdiction—have specific personal jurisdiction over resident *and* non-resident plaintiff claims. *Cf. Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003) ("plaintiff bears the burden of demonstrating the existence of jurisdiction."). Plaintiffs allege defendants purposefully targeted Illinois as the location for multiple clinical trials which formed the foundation for defendants' Xarelto Food and Drug Administration application. Furthermore, plaintiffs rationalize pharmaceutical clinical testing within Illinois has previously been recognized by other courts as a basis for granting personal jurisdiction over non-Illinois plaintiff claims.

---

[10] *See Tamburo*, at 702 (explaining specific personal jurisdiction is appropriate where defendant purposefully directed activities at forum state or purposefully availed privilege of conducting business in that state and alleged injury arises out of defendant's forum-related activities).

While defendants agree this Court possesses personal jurisdiction over plaintiff Pirtle—who alleged he was injured by Xarelto in Illinois—defendants wholly dispute plaintiffs' notion that this Court maintains personal jurisdiction over the other non-Illinois plaintiff's claims; which involved no harm in Illinois and no harm to Illinois residents. It is undisputed that the non-Illinois plaintiff does not claim injuries from ingesting Xarelto in Illinois, and all conduct giving rise to the non-Illinois plaintiff's claims occurred in other states.

The instant matter is analogous to *BMS* where the United States Supreme Court held that California state courts do not retain specific personal jurisdiction over non-resident defendant pharmaceutical companies, for non-resident plaintiff claims not arising out of or relating to defendant's contacts with California. *See BMS*, at 1780-1783. Similar to *BMS*, **this Court lacks general personal jurisdiction over defendants**, *see Daimler AG*, at 754; likewise, **this Court lacks specific personal jurisdiction over defendants** *regarding the non-Illinois plaintiff's claims*. *See BMS*, at 1781 (stating in order for court to exercise specific jurisdiction over claim there must be an affiliation between forum and underlying controversy, "principally, [an] activity or occurrence that takes place in the forum State.").

**D. 12(b)(2) Motion to Dismiss Regarding Non-Illinois Plaintiff**

When personal jurisdiction is challenged pursuant to Fed. R. Civ. P. 12(b)(2), plaintiffs bear the burden of establishing personal jurisdiction over defendants. *See N. Grain Mktg.,* at 491 (citing *Purdue Research Found.*, at 773). If the issue of personal jurisdiction is raised by a motion to dismiss, and decided

on written material rather than an evidentiary hearing, plaintiffs need only make a prima facie showing of jurisdictional facts. *Id*. The Court must take as true all well-pleaded facts alleged and resolve any factual disputes in favor of the plaintiff. *See Tamburo*, at 700.

Here, one out of two plaintiffs failed to allege ingestion of Xarelto in Illinois, or suffered from injuries caused by Xarelto in Illinois. Rather, non-Illinois plaintiff Forester alleged ingestion of Xarelto at some point, at some unknown location; and further alleged Xarelto is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings. Under these facts—in regard to the non-Illinois plaintiff's allegations—there is no connection between Illinois and the underlying Xarelto controversy, which in itself is unconnected to Illinois but for plaintiff Pirtle. *See id*. (citing to *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011); *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 318 (1945) and explaining defendants' general connections with forum are not enough; a corporation's continuous activity of some sort within a state is not enough to support demand that corporation be amenable to lawsuits unrelated to specified activity); *cf. Siegfried*, at *4.[11] As a result, the non-Illinois plaintiff's claims do not arise out of defendants' contacts with the state of Illinois, and moreover, **this**

---

[11] "Plaintiffs here assert that this court has specific jurisdiction over all defendants for all plaintiff's claims. They argue that defendants' tortious conduct gave rise to this cause of action as a whole and defendants' contacts with Missouri constitute part of the same series of transactions for all plaintiffs. These contacts with Missouri include marketing, promoting, and selling Pradaxa in the state. It is undisputed that the same marketing and promotional activities took place throughout the United States. The non-Missouri plaintiffs, however, were not prescribed Pradaxa here, nor did they purchase the drug, suffer any injury, or receive treatment in Missouri."

**Court lacks specific personal jurisdiction over the non-Illinois plaintiff's claims**.

Therefore, defendants' Motion to Dismiss the non-Illinois plaintiff's claims pursuant to FED. R. CIV. P. 12(b)(2) is **GRANTED IN PART**. Non-Illinois plaintiff Forester's claims are **DISMISSED WITHOUT PREJUDICE**; and the Court retains personal jurisdiction over claims made by Illinois plaintiff Pirtle.

### E. Defendants' Removal is Timely

As a separate and alternative basis for remand, plaintiffs argue defendants' Second Notice of Removal is untimely under section 1446(b)(3). Section 1446(b)(3) states

> Except as provided in subjection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of *an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*.

(emphasis added). Plaintiffs filed their Complaint in St. Clair County Circuit Court on March 16, 2017. Defendants filed a Second Notice of Removal on July 19, 2017 after the Supreme Court's June 19, 2017 ruling in *BMS*. *See BMS*, at 1173. Plaintiffs erroneously contend defendant's July 19th filing violates section 1446(b)(3)'s 30-day time limit for removal because the *BMS* order does not qualify as "an amended pleading, motion, order or other paper." *See* § 1446(b)(3). In support, plaintiffs point to *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 533-34 (7th Cir. 2008) in a feeble attempt to persuade the Court that pleadings and orders filed in other suits, not related to the removed case, do not qualify as

"order[s] or other paper[s]" as described in section 1446(b). *See id.* (explaining district court remand was proper where complaint in federal court was filed because it was related to different pending federal suit filed years later in different federal court).

Conversely, defendants contend the *BMS* order qualifies as an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* § 1446(b). Correctly, defendants attest *BMS* conclusively established the Due Process Clause prohibits non-Illinois plaintiffs from filing claims against defendants in Illinois state courts. *See BMS*, at 1776. The Court agrees with defendants and finds plaintiffs' argument unfounded. When a "different case resolve[s] a legal uncertainty concerning the existence of original federal jurisdiction[,]" *removal is allowed on that basis. See Amgen, Inc.*, at 534.

**F. Insufficient Service Argument Fails**

Where attempts at service occur before a case is removed, state law service of process rules govern.[12] *See Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). Under Illinois law, the clerk issues summonses upon request of the plaintiff; the form and substance of the summons and service of copies of pleadings are dictated by the Illinois Supreme Court Rules. *See* 735 ILCS 5/2-201. Rule 101 provides, inter alia, that summonses shall be directed to each

---

[12] Service requirements provide notice to parties, encourage diligent pursuit of adjudication, and initiate a court's exercise of jurisdiction over defendants. *See Henderson v. United States*, 517 U.S. 654, 672 (1996) (explaining core function of service is to supply notice of pendency of legal action to afford defendant fair opportunity to answer complaint and present defenses and objections).

defendant[13]; *see* ILCS S. Ct. Rule 101(a), while Rule 102 requires the summons—together with copies of the complaint—to be placed for service with a person authorized to serve process. *See* ILCS S. Ct. Rule 102(a). Finally, Rule 104 declares that every summons served upon a party shall have a copy of the complaint attached; and is also unequivocally clear in declaring that *failure to deliver or serve copies as required has no impact on the jurisdiction of the court over any party*. *See* ILCS S. Ct Rules 104(a), (d).[14]

Bayer defendants alleged they were served with three copies of plaintiffs' Complaint—without summonses attached. As a result, they argue that pursuant to *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999), a non-properly served defendant is out of the Court's jurisdictional boundaries.[15] Plaintiffs' account of events differs; as plaintiffs allege Bayer defendants' registered agent was undoubtedly served, and further has submitted a declaration in support of proper service.[16]

---

[13] Effective August 16, 2017, Rule 101 was amended; changes only pertain to subsection (e) Summons in Cases under the Illinois Marriage and Dissolution of Marriage Act, and therefore do not affect the instant matter.

[14] "Failure to deliver or serve copies as required by this rule does not in any way impair the jurisdiction of the court over the person of any party, but the aggrieved party may obtain a copy from the clerk and the court shall order the offending party to reimburse the aggrieved party for the expense thereof." ILCS S.Ct. Rule 104(d).

[15] Defendants state, "[i]f a Defendant is not properly served with a summons and complaint, then the court never obtains jurisdiction over a Defendant for Plaintiff's claims."

[16] Plaintiff's offer Declaration of John "JJ" Driscoll, V., who declared that on March 29, 2017 he served a summons and complaint by leaving copies of the summons and complaint for each Bayer defendant with the registered agent of Bayer defendants, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield , IL 62703, in the following matters: Douthit, et al. v. Janssen Research & Development, LLC, et al., No. 17-L-372; Bandy, et al. v. Janssen Research & Development, LLC. et al., No. 17-L-373; Woodall, et al. v. Janssen Research & Development, LLC,

Be that as it may, the fact remains "technical noncompliance with the requirement of serving copies on all parties who have appeared and have not been defaulted does not result in a loss of jurisdiction[.]" *See In re Estate of Gustafson*, 268 Ill. App. 3d 404, 408, 644 N.E.2d 813, 816 (1994). Under the facts of this case, Bayer defendants' procedural due process rights were not violated. *See, e.g.*, *Matter of Am. Mut. Ins. Co.*, 238 Ill. App. 3d 1, 11, 606 N.E.2d 32, 39 (1992) (explaining based on Rule 104(d), determining factor is not absence of notice but whether there was any harm or prejudice to nonmoving party). "At a minimum, procedural due process requires notice, an opportunity to respond, and a meaningful opportunity to be heard." *Gold Realty Grp. Corp. v. Kismet Cafe, Inc.*, 358 Ill. App. 3d 675, 681, 832 N.E.2d 403, 407-08 (2005).

Here, Bayer defendants' received notice of being sued—as evidenced by Bayer defendants' removal of this action to federal court; and were given an opportunity to respond and be heard—as evidenced by Bayer defendants' instant Motion to Dismiss for Insufficient Service of Process and Joinder to Motion to Dismiss based on Lack of Personal Jurisdiction. Bayer defendants' were not prejudiced, even if they did not receive a copy of a summons attached to plaintiffs' complaint prior to removal; and none of their procedural due process rights were violated.[17] Therefore Bayer defendant's Motion to Dismiss for Insufficient Service

---

et al., No. 17-L-126; Pirtle et al. v. Janssen Research & Development, LLC, et al., No. 17-L-127; and Braun, et al. v. Janssen Research & Development, LLC, et al., No. 17-L-128.

[17] The additional "reasonable diligence" argument is foreclosed due to lack of prejudice and no violation of due process, as Bayer defendants consented to being aware of the instant action and continued to litigate.

of Process is **DENIED**; Bayer defendants Joinder to Janssen defendant's 12(b)(2) Motion to Dismiss is **GRANTED**.

## IV. CONCLUSION

Based on the foregoing, plaintiff's Motion to Remand (Doc. 11) is **DENIED**. Janssen defendants' Motion to Dismiss (Doc. 14) is **GRANTED IN PART**; **non-Illinois plaintiff Forester's claims are DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction, and the Court **RETAINS** jurisdiction over defendants regarding Illinois plaintiff Pirtle's claims. Bayer defendants' Motion to Dismiss for Insufficient Service (Doc. 16) is **DENIED**, and Joinder to Janssen defendants' Motion to Dismiss is **GRANTED**. Further, defendants' Motion to Stay Proceedings (Doc. 18) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Digitally signed by Judge David R. Herndon
Date: 2017.09.22 12:20:14 -05'00'

**UNITED STATES DISTRICT JUDGE**